UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWIN RATHBUN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARRETTS MINERALS, INC., et al.,<br><br>Defendants. | Case No. 21-cv-03228-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 26 |

Pending before the Court is a motion to remand filed by Plaintiff John Edward Rathbun and Plaintiff Gwendolyn Rathbun and opposed by Defendant Chattem, Inc. ("Chattem") and Defendant Lucky Stores Inc. ("Lucky") (collectively, "Defendants"). Dkt. Nos. 26 ("Mot"), 46 ("Opp."), 48 ("Reply").[1]  Also pending is Lucky's motion for summary judgment. Dkt. Nos. 23, 45, 49.  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).  For the reasons discussed below, the Court **GRANTS** the motion to remand.

I.  **BACKGROUND**

Plaintiff John Edwin Rathbun, DDS ("Dr. Rathbun") was diagnosed with terminal mesothelioma on July 8, 2020.  Dkt. No. 26-2 Declaration of Sarah E. Gilson ("Gilson Decl.") ¶ 2. On December 22, 2020, Plaintiffs filed suit in Alameda Superior Court asserting state-law claims for negligence, strict liability, negligent misrepresentation, fraud by nondisclosure, and loss of consortium.  Dkt. No. 1-2, Ex. C ("Compl.").  Plaintiffs allege that Dr. Rathbun "was exposed to asbestos fibers by using and handling asbestos fibers and products incorporating asbestos as a

---

[1] Lucky "joins in and adopts the opposition papers filed by" Chattem.  Dkt. No. 47.

component, and being in the presence of others using and handling asbestos fibers and products incorporating asbestos as a component." *Id.* ¶ 5. They allege that his "cumulative exposure to asbestos, as a result of acts and omissions of defendants, . . . and the defective products of defendants, . . . were a substantial factor in increasing Plaintiff's risk of mesothelioma and other related injuries, and therefore a legal cause of Plaintiff's injuries and damages." *Id.* ¶ 6. Defendants allegedly "were engaged in the business of placing asbestos-containing products into the stream of commerce, including by . . . distributing, . . . offering for sale, supplying, selling, . . . and/or advertising said products." *Id.* ¶ 20. Plaintiffs allege that these "asbestos-containing products were defective and unsafe for their intended purpose, in that they did not perform as safely as expected by an ordinary consumer when used or misused in a reasonably foreseeable or intended manner." *Id.* ¶ 43. They further allege that "Defendants, through words and conduct, represented that asbestos generally and asbestos-containing products marketed, sold, supplied, distributed, disturbed, installed removed, and/or placed in the stream of commerce by Defendants were of merchantable quality and safe for their intended and foreseeable use." *Id.* ¶ 56. Additionally, Plaintiffs allege that "Defendants' conduct and Defendants' placing of defective products into the stream of commerce, as set forth herein, were a direct and proximate cause of Plaintiff's injuries and damages." *Id.* ¶ 32.

On April 30, 2021, Chattem removed this action on diversity grounds. Dkt. No. 1. Plaintiffs move to remand this case to state court and request attorney's fees and costs.

## II. LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

If the district court lacks jurisdiction over an action, a plaintiff may seek remand to state court. *See* 28 U.S.C. § 1447(c). There is a "strong presumption" in favor of remand, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper . . . ." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Further, "remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. 19-CV-06799-CRB, 2020 WL 1288454, at *2 (N.D. Cal. Mar. 18, 2020) (alterations and internal quotations omitted); *Williams v. Kemper Indep. Ins. Co.*, 476 F. Supp. 3d 958, 963 (N.D. Cal. 2020) (same).

### III.   DISCUSSION

Defendants oppose remand on the basis that non-diverse Defendants Safeway, Inc. and Lucky were fraudulently joined to defeat diversity jurisdiction. Plaintiffs "do not dispute that Safeway and Lucky are the only Defendants named in Plaintiffs' Complaint who reside, like Plaintiffs, in California." Gilson Decl. ¶ 4. But Plaintiffs argue that Defendants have not met their burden of showing fraudulent joinder. The Court agrees.

The Ninth Circuit has explained that there are two ways to establish fraudulent joinder:

> (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

*Grancare*, 889 F.3d at 548 (quotation omitted). Accordingly, in the absence of actual fraud, a defendant must "show[] that an individual joined in the action cannot be liable on any theory." *Id.* "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis added). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [the plaintiff] has failed to state a claim against [the resident defendant]." *See Hunter*, 582 F.3d at 1046 (quotation omitted).

3

"[A]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Krivanek v. Huntsworth Grp. LLC*, No. 15-CV-02466-HSG, 2015 WL 5258788, at *2 (N.D. Cal. Sept. 9, 2015) (citation omitted); *PHL Variable Ins. Co.*, 2020 WL 1288454 at *2 (same). "When resolving claims of fraudulent joinder, the Court may consider evidence outside of the pleadings." *Krivanek*, 2015 WL 5258788 at *2.

Defendants contend that the case "is squarely between Plaintiffs and Chattem." Opp. at 1. They argue that Plaintiffs' complaint cites one talcum powder product, Gold Bond, which is manufactured by Chattem and which Dr. Rathbun said he never purchased from the non-diverse defendants.[2] Dr. Rathbun also testified that before using Gold Bond, he used Johnson & Johnson Baby Powder, which he and his wife used for their children. Dkt. No. 46-2 Declaration of William L. Coggshall ("Coggshall Decl.") ¶ 3, Ex. 1 ("Rathbun Depo.") at 55:3-14, 107:19-23, 108:7-110:21, 118:7-22. His testimony did not describe who purchased the Johnson & Johnson Baby Powder or where it was purchased. Coggshall Decl. ¶ 4. According to Plaintiffs, Ms. Rathbun, whose deposition had not yet occurred at the time of removal, will testify that she purchased the Johnson & Johnson Baby Powder at Safeway and Lucky, where she bought the family's groceries. Mot. at 2; *see also* Gilson Decl. ¶ 9, Ex C. Defendants contend that neither Dr. Rathbun's deposition testimony nor Ms. Rathbun's declaration "establishes that Dr. Rathbun was exposed to Johnson & Johnson Baby Powder purchased from Lucky or Safeway." Opp. at 11.[3]

As noted, Plaintiffs allege claims for negligence, strict liability, negligent misrepresentation, fraud by nondisclosure, and loss of consortium. Plaintiffs allege that Defendants, including Safeway and Lucky, supplied and distributed "asbestos-containing

---

[2] Defendants also argue that the Johnson & Johnson Baby Powder was not mentioned in certain discovery responses. Opp. at 10 (citing Coggshall Decl. ¶ 5, Ex. 3).

[3] Chattem filed objections to statements in Plaintiffs' counsel's and Ms. Rathbun's declaration for either lack of foundation, relevance, or hearsay. Dkt. No. 46-1. Chattem contends, for example, that such evidence is not relevant because Plaintiffs purportedly "failed to establish that Dr. Rathbun used Johnson & Johnson Baby Powder purchased from Lucky or Safeway." It is not Plaintiffs' burden to "establish" any facts at this stage, and the evidence is relevant to showing that Plaintiffs could amend to cure any deficiencies. The Court **OVERRULES** Chattem's objections.

products" to which Dr. Rathbun was exposed. *See, e.g.*, Compl. ¶¶ 20, 42. Defendants correctly note that only one product is specifically identified in the complaint, but it appears it is mentioned only twice in an exhibit to the complaint. Specifically, Exhibit A states in its entirety:

> Plaintiff alleges he was exposed to asbestos from the regular use of Gold Bond cosmetic powder products from approximately 1973 through 2020. Defendants herein supplied talc for Gold Bond powder products, manufactured such products and supplied such products. Investigation is ongoing as to any exposure to asbestos to products Dr. Rathbun used during his professional career as a dentist.

Dkt. No. 1-2, Ex. A. Plaintiffs' complaint otherwise focuses on "asbestos-containing products" from which Dr. Rathbun "was exposed to asbestos fibers by using and handling asbestos fibers and products incorporating asbestos as a component, and being in the presence of others using and handling asbestos fibers and products incorporating asbestos as a component." *Id.* ¶ 5. Plaintiffs' counsel states that "consistent with" Plaintiffs' complaint, Plaintiffs "will pursue a claim against Safeway and Lucky for its [sic] supply of any and all asbestos-containing products to which Dr. Rathbun was exposed." Gilson Decl. *Id.* ¶ 11.

Defendants' arguments largely concern the sufficiency of the claims against Safeway and Lucky, contending, for example, that Plaintiffs cannot show causation based on the complaint and Dr. Rathbun's related deposition testimony to date. They cite his testimony stating that he remembers using "one bottle" and that he "believe[d]" that he used the product on his children, but that his wife "took more care of that area than [he] did." Opp. at 7-8, 11 (citing Rathbun Depo. at 108:23-109:3). Defendants argue that Plaintiffs have not alleged that the product played more than an "infinitesimal" or "theoretical" part so as to be a "substantial factor" for purposes of causation. *See id.*

Here, the Court must resolve all "doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading . . . in favor of remand." *Krivanek*, 2015 WL 5258788, at *2. In doing so, the Court finds that Defendants have failed to show that Plaintiffs would not be afforded leave to amend his complaint to cure any purported deficiencies, including by adding factual allegations concerning Dr. Rathbun's exposure to Johnson & Johnson Baby Powder, or any other products containing asbestos. Without deciding whether Plaintiffs have alleged sufficient facts to state a claim for relief against those non-diverse

5

Defendants, the Court finds "it is at least *possible*" that Plaintiffs "may be able to state [] a claim, either based on the complaint as pleaded or if granted leave to amend." *See Garcha v. Quality Quartz Eng'g, Inc.*, No. 19-CV-01989-YGR, 2019 WL 2464489, at *4 (N.D. Cal. June 13, 2019) (emphasis in original). Given that Defendants have failed to meet their "heavy burden" to show that Plaintiffs "*cannot* possibly state a claim" against Safeway and Lucky, the Court declines to find that those defendants were fraudulently joined. *Gowan v. Stryker Corp.*, No. 18-CV-07785-BLF, 2019 WL 2410515, at *5 (N.D. Cal. June 7, 2019) (emphasis in original); *see Hunter*, 582 F.3d at 1042 ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper . . . ."). Because there is not complete diversity of citizenship, the Court lacks subject-matter jurisdiction and thus **GRANTS** the motion to remand.

"Absent unusual circumstances, a court may award attorney's fees and costs under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare*, 889 F.3d at 552. Plaintiffs request an award of costs and attorney's fees because "Chattem's decision to remove was objectively unreasonable." Mot. at 9. Plaintiffs contend that Chattem's "failure to address" Dr. Rathbun's testimony concerning Johnson & Johnson Baby Powder was "misleading, as it asks the Court . . . to find that *no possibility* of a cause of action against Safeway or Lucky is available." *Id.* at 10. Although the Court was not persuaded by Defendants' arguments, "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Based on the complaint as currently pleaded, the Court does not find Defendants lacked an objectively reasonable basis for seeking removal. The Court thus finds that an award of costs and fees is not warranted.

//
//
//
//
//

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion to remand and **REMANDS** the case to Alameda Superior Court. The clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: September 3, 2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge